IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM ETHRIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-cv-0867-MJR-CJP |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| JUVENILE JUSTICE, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

On threshold review, this case was assigned a March 2010 final pretrial conference and trial date. The Scheduling and Discovery Order imposed a November 6, 2009 discovery cut-off and a November 21, 2009 deadline for dispositive motions. After the originally-named Defendant (the Illinois Department of Corrections or "IDOC" represented by the Illinois Attorney General's Office in Springfield, Illinois) moved for summary judgment, Plaintiff Ethridge obtained leave to file an amended complaint that substituted the Illinois Department of Juvenile Justice in place of the IDOC. The IDOC was awarded roughly $1200 in costs. *See* Docs. 20, 25, 28, 33.

Plaintiff's amended complaint was filed January 15, 2010. The Illinois Department of Juvenile Justice ("IDJJ"), also represented by the Illinois Attorney General's Office in Springfield, secured additional time to respond to the complaint and ultimately answered on April 8, 2010. One month later, the IDJJ moved for an extension of the discovery and dispositive motion deadlines – a motion to which Plaintiff did not object.

The motion was referred to the Magistrate Judge assigned to the case, the Honorable Clifford J. Proud, but granting the requested extensions would require the undersigned District Judge to continue his final pretrial conference and firm trial date. As the undersigned Judge's web-page plainly explains, continuances of civil trial settings are rare. But Magistrate Judge Proud consulted with the undersigned, and it was agreed that good cause supported IDJJ's request for additional time to complete discovery and file motions herein.

On May 10, 2010, the Court granted IDJJ's motion, extended the discovery cut-off, continued the dispositive motion deadline to November 20, 2010, moved the final pretrial conference, and continued the jury trial. The Order provided in clear and emphatic terms (Doc. 37; emph. in original):

> Dispositive motions shall be filed by **November 20, 2010.**
> <u>No further extensions shall be granted.</u>
> ....
>
> **The parties should make every effort to meet the above deadlines. Absent extraordinary circumstances, the schedule will not be changed. Failure to complete discovery or the press of other business do not constitute extraordinary circumstances.**

The November 20, 2010 deadline passed without any party filing a dispositive motion or moving for additional time in which to do so. On November 22nd, without any explanation of the missed deadline or request for permission to file a dispositive motion out-of-time, IDJJ belatedly moved for summary judgment. The undersigned Judge denied the motion as untimely-filed the following day. Now before the Court is IDJJ's motion to reconsider that ruling.

IDJJ's counsel asserts that the failure to file the motion on time constitutes excusable neglect warranting an extension of time under Federal Rule of Civil Procedure 6(b)(1) for these reasons: (a) "Because of her busy schedule, [she] was unable to complete the motion and memorandum until November 22, 2010," (b) she misunderstood the deadline (not realizing it was November 20, 2010), and (c) to allow her to file a late summary judgment motion would promote the interests of judicial economy.

Although cognizant of the work-related demands on attorneys practicing in state and federal courts in Illinois, the undersigned Judge is not persuaded that the reasons outlined in the motion to reconsider constitute the "extraordinary circumstances" required by the Court's May 10, 2010 Order to justify an extension of the motion deadline.

One extension was already granted by the Court, the new deadline was clear and straightforward (appearing in bold font on the 1st page of a 2-page Order, not buried inconspicuously in a lengthy schedule), and the Order plainly warned counsel that the Court would *not* extend the new deadline absent extraordinary circumstances. The Order also specified that "the press of other business" would not suffice.

Additionally, the law of this Circuit instructs that district courts can and should strictly enforce summary judgment deadlines. *See, e.g., Raymond v. Ameritech Corp.*, **442 F.3d 600, 607-08 (7th Cir. 2006),** especially where one extension has already been permitted. Furthermore, unlike serious illness, "neglect due to a busy schedule is not excusable" neglect. *Harrington v. City of Chicago*, **433 F.3d 542, 548 (7th Cir. 2006).**

Federal Rule of Civil Procedure 6 authorizes district courts to establish

deadlines *and enforce them*. **Raymond, 442 F.3d at 605**. This Court set reasonable deadlines, sensibly extended them when requested by defense counsel six months ago, and now elects to enforce the amended schedule entered herein. For all these reasons, the undersigned Judge **DENIES** Defendant IDJJ's motion to reconsider (Doc. 46).

    IT IS SO ORDERED.

    DATED November 26, 2010.

                                      s/ *Michael J. Reagan*
                                      Michael J. Reagan
                                      United States District Judge